UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES L. ROUSE,

    Plaintiff,

v.                                      Case No: 8:14-cv-497-T-30AEP

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Complaint and Incorporated Memorandum of Law (Dkt. #6) and Plaintiff's Response in Opposition to the Motion (Dkt. #10). Upon review and consideration, it is the Court's conclusion that the Motion should be granted in part and denied in part.

*Background*

Plaintiff James L. Rouse sues Defendant Nationwide Mortgage, LLC ("Nationwide") based on the sale of real property through an online auction at Auction.com. Rouse alleges causes of action for specific performance, breach of contract, unjust enrichment, and equitable estoppel. Rouse was the winning bidder of property located in Haines City, Fla. owned by Nationwide. The total purchase price was $112,875.00. Rouse made an earnest money deposit of $11,287.50, and agreed to pay the balance in cash at the closing. Rouse received a "Winning Bidder Confirmation" which set forth the terms of the sale and noted the winning bid was subject to seller confirmation. On

October 31, 2013, Auction.com sent an e-mail to Rouse informing him the seller agreed to the terms of the purchase agreement. The e-mail advised Rouse to take the necessary steps to close the transaction.

On or about November 1, 2013, prior to the scheduled closing, Rouse visited the property and initiated several repairs which cost thousands of dollars that he alleges were necessary to protect the property. On November 18, 2013, Auction.com sent an email to Rouse informing him that Nationstar no longer wished to proceed with the sale.

*Discussion*

**I.   Motion to Dismiss Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v.*

2

*Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c*); see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

## II. Nationstar's Motion to Dismiss

Nationstar argues that Rouse fails to state a cause of action as to any of his claims because the complaint fails to allege that the parties executed any binding agreement and the exhibits to the complaint do not establish an enforceable agreement to sell the property. Therefore, his claims for breach of contract and specific performance are barred by the statute of frauds. It further argues that since Rouse did not inform Nationstar of his repairs to the property and did not receive permission to enter the property he cannot state a cause of action for unjust enrichment or invoke the doctrine of equitable estoppel.

## III. Breach of Contract and Specific Performance Claims

Rouse alleges that he and Nationstar had a contract for the purchase of the property as evidenced by the Winning Bid Confirmation and confirmation e-mail indicating that Nationstar accepted the terms of the purchase agreement. The statute of frauds, § 725.01, Florida Statutes, requires an enforceable contract for the purchase of real estate to satisfy two conditions. *de Vaux v. Westwood Baptist Church*, 953 So. 2d 677, 681 (Fla. 1st DCA 2007). "First, the contract must be embodied in one or more written documents or memoranda signed by the party against whom enforcement is sought. Second, the writings

must include all of the essential terms of the purchase and sale, and those terms may not be provided by resort to parol evidence." *Id*.

In Florida, signed emails meet the writing requirement of the statute of frauds. *Dubai World Corpo. v. Jaubert*, 09-14314-CIV, 2011 WL 579213 (S.D. Fla. 2011) (citing *U.S. Distributors, Inc. v. Block*, No. 09–21635–CIV, 2009 WL 3295099, at *5 (S.D.Fla. Oct.13, 2009)). Rouse argues that the confirmation e-mail containing "AUCTION.COM, LLC" in the signature block satisfies the first condition since Auction.com, LLC was acting as Nationstar's agent in the transaction. Florida permits a person or entity to use an electronic signature "to sign a writing and [it] shall have the same force and effect as a written signature." Fla. Stat. § 668.004. "Electronic signature means any letters, characters, or symbols, manifested by electronic or similar means, executed or adopted by a party with an intent to authenticate a writing. A writing is electronically signed if an electronic signature is logically associated with such writing. " Fla. Stat. § 668.003.

Further, he argues there are sufficient facts alleged to show that the written documents memorialize all of the essential terms of the sale between the confirmation e-mail (which references a purchase agreement) and the Winning Bid Confirmation. In *Block,* the court held that e-mails discussing terms of an agreement and confirming partial payments made pursuant to that agreement, several of which were signed by the defendant and the plaintiff's alleged agents, met the writing requirement of the statute of frauds.

The Court concludes that Rouse has not sufficiently stated a cause of action for breach of contract and specific performance based on the allegations in the complaint. Even if Auction, com, LLC's confirmation e-mail satisfies the first condition of the statute of

4

frauds, the confirmation email and Winning Bid Confirmation alone are insufficient to show an enforceable contract to purchase property. The confirmation e-mail specifically states that Nationstar's acceptance of the winning bid and purchase of the property was "subject to, and contingent upon" approval of the purchase and execution of the purchase agreement by the winning bidder. Neither the allegations in the complaint nor the exhibits contain any facts which state whether Rouse executed the purchase agreement.

Further, "the equitable remedy of specific performance is granted only where the parties have actually entered into an agreement that is definite and certain in all of its essential elements." *Bay Club, Inc. v. Brickell Bay Club, Inc.*, 293 So. 2d 137, 138 (Fla. 3d DCA 1974). Since the terms of the purchase agreement are not in the record, the Court cannot determine whether Rouse has alleged sufficient facts to show that the essential elements were definite and certain, especially given that the confirmation e-mail referenced additional "necessary steps required to close" the transaction.

### IV.     Unjust Enrichment Claim

Rouse does state a cause of action for unjust enrichment. The elements of a cause of action for unjust enrichment are: "1) the plaintiff conferred a benefit on the defendant, who has knowledge of the benefit, 2) the defendant accepts and retains the conferred benefit, and 3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it." *Duncan v. Kasim, Inc.,* 810 So. 2d 968, 971 (Fla. 5th DCA 2002). Nationstar's arguments regarding its actual knowledge of the repairs are a fact issue that cannot be resolved at this stage in the litigation.

### V. Equitable Estoppel Claim

Rouse's last count for equitable estoppel does not state a cause of action. In Florida, equitable estoppel is an affirmative defense, not a cause of action. *Am. Color Graphics, Inc. v. Brooks Pharmacy, Inc.*, 8:05-CV-1512T27-TBM, 2006 WL 539543 (M.D. Fla. 2006) (citing *State of Fla. Dep't of Transp. v. FirstMerit Bank*, 711 So.2d 1217, 1218 (Fla. 2d DCA 1998); Fla. R. Civ. P. 1.110(d)). Therefore, the Court will dismiss Count IV of Rouse's complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Complaint and Incorporated Memorandum of Law (Dkt. #6) is GRANTED in part and DENIED in part.

2. Counts I and II are dismissed without prejudice.

3. Count IV is dismissed with prejudice.

4. Plaintiff may file an Amended Complaint within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of April, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-497 mtd 6.docx