UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES L. ROUSE,

    Plaintiff,

v.    Case No: 8:14-cv-497-T-30AEP

NATIONSTAR MORTGAGE, LLC,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. 13) (the "Motion") and Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. 15). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

## BACKGROUND

Plaintiff James L. Rouse sues Defendant Nationwide Mortgage, LLC ("Nationwide") based on the alleged sale of real property located in located in Haines City, Fla. (the "Property") through an online auction at Auction.com. The background of this case is discussed in the Court's April 7, 2014 Order granting in part and denying in part Defendant's Motion to Dismiss the Complaint. *See* Dkt. 6. Plaintiff filed the First Amended Complaint on April 21, 2014 (Dkt. 12). In the First Amended Complaint, Rouse

alleges causes of action for breach of contract, specific performance, and unjust enrichment.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c*); see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

**DISCUSSION**

    I. **Breach of Contract Claim**

Rouse contends that the Winning Bidder Confirmation (Dkt. 12, Ex. A), together with the confirmation e-mail indicating that Nationstar accepted the terms of the purchase agreement (Dkt. 12, Ex. B), set forth a completed contract for the purchase of the Property. Rouse argues that these allegations, paired with allegations 4 and 18 of the First Amended Complaint, satisfy pleading requirements of Rule 8(a)(2).

Nationstar argues that Rouse's claims for breach of contract and specific performance should be dismissed because the First Amended Complaint contains no allegations that a binding agreement was executed and exhibits attached thereto do not establish an enforceable agreement to sell the Property. As a result, Nationstar argues these claims are barred by Florida's statute of frauds.

The statute of frauds, § 725.01, Florida Statutes, requires that an enforceable contract for the purchase of real estate: (1) be embodied in one or more written documents or memoranda signed by the party against whom enforcement is sought, and (2) include all of the essential terms of the purchase and sale. *de Vaux v. Westwood Baptist Church*, 953 So. 2d 677, 681 (Fla. Dist. Ct. App. 2007). Essential terms may not be provided by resort to parol evidence. *Id*. "There is no definitive list of essential terms that must be present and certain to satisfy the statute of frauds. Rather, the essential terms will vary widely according to the nature and complexity of each transaction and will be evaluated on a case by case basis." *Prams Water Shipping Co., Inc. v. Salvador Grp., Ltd.*, 09-21508-CIV, 2013 WL 3712181 at *2 (S.D. Fla. July 12, 2013) (internal quotation and citation omitted).

3

In Florida, examples of "essential elements" of a real estate contract include "matter of consideration, manner of payment, security for deferred payments, interest, dates when they shall become due, [and] acts to be done by either party." *Rundel v. Gordon,* 92 Fla. 1110, 111 So. 386, 389 (1927).

"An affirmative defense, such as the statute of frauds, may be raised in a motion to dismiss pursuant to Rule 12(b)(6) if the defense is apparent from the face of the complaint." *Prams Water Shipping Co., Inc.* 2013 WL 3712181 at *2 (*citing Hudson Drydocks Inc. v. Wyatt Yachts, Inc.,* 760 F.2d 1144, 1146 n. 3 (11th Cir.1985)). However, it is accepted that consideration of potential affirmative defenses or speculation about the sufficiency of the evidence which plaintiff will likely produce on the merits is immaterial to deciding a motion to dismiss. *Spring Air Int'l, LLC v. R.T.G. Furniture Corp.*, 8:10-CV-1200-T-33TGW, 2010 WL 4117627 at *5 (M.D. Fla. Oct. 19, 2010) (internal quotation and citation omitted).

Signed e-mails meet the writing requirement of the Florida statute of frauds. *Dubai World Corpo. v. Jaubert*, 09-14314-CIV, 2011 WL 579213 at *11 (S.D. Fla. Feb. 9, 2011) (citing *U.S. Distributors, Inc. v. Block*, No. 09–21635–CIV, 2009 WL 3295099, at *5 (S.D. Fla. Oct.13, 2009)). In Florida, an electronic signature may be used to sign a writing, carrying the same force and effect as a written signature. Fla. Stat. § 668.004. "Electronic signature means any letters, characters, or symbols, manifested by electronic or similar means, executed or adopted by a party with an intent to authenticate a writing. A writing is electronically signed if an electronic signature is logically associated with such writing." Fla. Stat. § 668.003.

Rouse alleges that that the confirmation e-mail containing "AUCTION.COM, LLC" in the signature block is a written document signed by the party against whom enforcement is sought as Auction.com, LLC was acting as Nationstar's agent in the transaction. Rouse submits that the Winning Bidder Confirmation, which includes the address of the Property, the total purchase price of $112,875.00, an indication that Rouse would pay cash for the purchase, a statement that ten percent (10%) earnest money deposit was required, and Rouse's signature, is also a writing signed by the party against whom enforcement is sought. Further, the First Amended Complaint contains allegations that "[a]ll conditions precedent to the filing of this action has [sic] been met by Plaintiff or waived by Defendant" and "[b]efore the attempted cancellation of the sale of The Property by Defendant, Plaintiff conferred a benefit on Defendant by satisfying *all of the conditions precedent to the purchase of The Property.*" (Emphasis added).

Upon further reflection, the Court concludes that Rouse has pled a cause of action for breach of contract sufficient to survive Nationstar's motion to dismiss. Determination of Nationstar's affirmative defense of the statute of frauds will necessitate a factual inquiry that reaches beyond the four corners of the complaint. Accordingly, the Court will refrain from deciding the statute of frauds issue at this time.

## II.     Specific Performance Claim

Florida law recognizes the right to enforce specifically a contract for the sale of real property. *Barnes v. Diamond Aircraft Indus., Inc.*, 499 F. Supp. 2d 1311, 1319 (S.D. Fla. 2007) (citations omitted). In order for a contract for real property to be subject to specific performance, "it must appear from the writing constituting the contract that the obligations

5

of the parties with respect to [the] conditions of the contract and actions to be taken by the parties are clear, definite and certain." *de Vaux*, 953 So. 2d at 682.

Without additional factual inquiry it cannot be determined, as a matter of law, whether the Winning Bidder Confirmation and the confirmation e-mail contain all essential terms. Thus, as discussed above, the Court will refrain from ruling on Nationstar's affirmative defense of the statute of frauds at this time.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. 13) is DENIED.
2. Defendant shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of June, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-497 mtd first amended complaint - dkt.13.docx